JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | EDCV 16-0085 AG (DTBx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | CARLOS CASTELLON v. PENN-RIDGE TRANSPORTATION | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |

**Proceedings:** [IN CHAMBERS] ORDER GRANTING MOTION TO REMAND AND DECLINING TO ADDRESS MOTION TO DISMISS

On June 22, 2015, Plaintiff Carlos Castellon filed this putative class action against Defendant Penn-Ridge Transportation, Inc. in San Bernardino Superior Court. (*See* Not. of Removal, *Castellon v. Penn-Ridge Transportation*, SACV 15-1966 AG (DTBx), Dkt. No. 1.) Penn-Ridge removed the case to federal court under diversity jurisdiction. (*Id.*) The Court then granted Castellon's motion to remand based on Penn-Ridge's failure to show that the case presented a sufficient amount in controversy to qualify for diversity jurisdiction. (*See* Minute Order, *Castellon v. Penn-Ridge Transportation*, SACV 15-1966 AG (DTBx), Dkt. No. 23.)

Penn-Ridge is back. Armed with Castellon's deposition, Penn-Ridge asserts that it can now show that the amount in controversy requirement is satisfied. (*See* Not. of Removal, Dkt. No. 1.) Castellon is testing that assertion through another motion to remand ("Motion to Remand"). (*See* Not. of Mot. and Mot. to Remand, Dkt. No. 21.) For its part, Penn-Ridge has moved to dismiss the case on a variety of grounds, or in the alternative to strike parts of the complaint ("Motion to Dismiss"). (*See* Am. Not. of Mot. and Mot. to Dismiss, Dkt. No. 17.)

The Court GRANTS the Motion to Remand. Given the Court's lack of subject matter

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-0085 AG (DTBx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | CARLOS CASTELLON v. PENN-RIDGE TRANSPORTATION | | |

jurisdiction, the Court DECLINES to address the Motion to Dismiss.

**1. MOTION TO REMAND**

>The Constitution limits the power of federal courts to rule. *See* U.S. Const. art. III, § 2. The courts police their exercise of power themselves. *See* Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). This self-enforced check is crucial in a nation governed by the rule of law. So courts take this sacred duty seriously and guard their limited jurisdiction jealously. *Ghazaryan v. Wells Fargo Bank, N.A.*, 42 F. Supp. 3d 1341, 1342 (C. D. Cal. 2014).
>
>Accordingly, courts assume that cases are outside of their power to rule, and require parties to prove otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

*Abramson v. Marriott Ownership Resorts, Inc.*, — F. Supp. 3d —, No. SACV 15-0135 AG (JCGx), 2016 WL 105889, at *1 (C.D. Cal. Jan. 4, 2016).

These general principles are particularly powerful when discussing a federal court's jurisdiction over a case removed from state court. "To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1158 (C.D. Cal. 2009). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal." *Id.* In conducting this analysis, "the court construes all factual allegations in favor of the party seeking the remand." *One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd.*, 889 F. Supp. 60, 62 (D. Conn. 1995).

Against this backdrop, it makes sense that defendants rarely get two shots at removal. Indeed, "[s]uccessive removals are . . . improper '[a]bsent a showing that the posture of the case has so changed that it is substantially a new case.'" *Leon v. Gordon Trucking, Inc.*, 76 F.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-0085 AG (DTBx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | CARLOS CASTELLON v. PENN-RIDGE TRANSPORTATION | | |

Supp. 3d 1055, 1063 (C.D. Cal. 2014) (second alteration in original) (quoting *One Sylvan Rd.*, 889 F. Supp. 60).

Penn-Ridge doesn't try to argue that it's removing a case that is "substantially a new case" when compared to the case it previously tried to remove. That's for good reason: the two cases appear effectively identical. Remand is thus appropriate.

Despite its counsel's excellent advocacy at oral argument, Penn-Ridge hasn't provided sufficient binding authority or otherwise adequately demonstrated that removal is appropriate under these circumstances. And despite contrary argument, nothing this Court previously stated supports federal jurisdiction on these facts. Ruling otherwise here would promote multiple motions from delay-seeking defendants, unjustly denying plaintiffs " the just, speedy, and inexpensive determination" of their cases. Fed. R. Civ. P. 1.

The Court GRANTS the Motion to Remand.

**2. MOTION TO DISMISS**

Among other things, in its Motion to Dismiss Penn-Ridge argues that two's a crowd, but three's company. The case is in part about whether Castellon was misclassified as an independent contractor rather than an employee. Penn-Ridge says it didn't directly employ Castellon, but instead contracted with various carriers, who in turn directly employed drivers like Castellon. For example, Penn-Ridge says a carrier contractor named Jireh figuratively sat between Penn-Ridge and Castellon. Penn-Ridge says that Jireh (and, depending on the contours of the class, perhaps other carrier contractors) must be joined to the case. The parties appear to agree that Jireh is a California citizen, and that its joinder to the case would destroy complete diversity, and in turn, this Court's subject matter jurisdiction.

Because the Court is remanding the case, the Court cannot resolve the Motion to Dismiss. But the Court notes that had it done so, the end result would also likely have been this case

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 16-0085 AG (DTBx) | Date | March 8, 2016 |
|---|---|---|---|
| Title | CARLOS CASTELLON v. PENN-RIDGE TRANSPORTATION | | |

ending up in state court.

The Court DECLINES to address the Motion to Dismiss.

### 3. DISPOSITION

The Court GRANTS the Motion to Remand. Given the Court's lack of subject matter jurisdiction, the Court DECLINES to address the Motion to Dismiss.

                                                      : 0

Initials of Preparer    lmb